**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| DORA L. ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-1130 (PTG/WEF) |
| | ) | |
| FITNESS INTERNATIONAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT & RECOMMENDATION

THIS MATTER comes before the Court on *pro se* Plaintiff Dora L. Adkins' ("Adkins")

Motion for Leave from the Court to File an Emergency Complaint ("Motion") (Dkt. 1) and

Application to Proceed in District Court Without Prepaying Costs or Fees ("IFP Motion") (Dkt.

2). The denial of an IFP motion may, in certain circumstances, dispose of a case. Magistrate

judges therefore lack the authority to affirmatively deny such motions. *See Hunter v. Roventini*,

617 F. App'x 225, 226 (4th Cir. 2015) (per curiam). Accordingly, the undersigned issues this

Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C) and recommends that Adkins'

IFP Motion (Dkt. 2) be denied. The undersigned further recommends that the Court issue a pre-

filing order denying Adkins' Motion. (Dkt. 1.)

I.     IFP MOTION

Pursuant to 28 U.S.C. § 1915, a federal court may allow certain litigants to commence and

prosecute a civil action without paying the required fees. *See DeBlasio v. Gilmore*, 315 F.3d 396,

398 (4th Cir. 2003). The statute "is intended to ensure that indigent persons have equal access to

the judicial system by allowing them to proceed without having to advance the fees and costs

associated with litigation." *See Justice v. Hobgood*, No. 5:13-CV-077-BR, 2014 WL 12495256, at *1 (E.D.N.C. May 27, 2014) (citing *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981)).  To qualify, an indigent litigant must file an affidavit that includes statements of the litigant's assets and his inability to pay fees. *See* 28 U.S.C. § 1915(a)(1); *Gilmore*, 315 F.3d at 398.  A litigant need not prove that he or she is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  However, "IFP status is a privilege, not a right, and is only available to a litigant who establishes an inability, due to poverty, to pay the requisite filing fees and still provide for the necessities of life." *El v. U.S. Dep't of Commerce*, No. 2:15-cv-532, 2016 WL 9223874, at *1 (E.D. Va. Sept. 21, 2016) (citation and internal quotations omitted).  While not entirely dispositive, courts consistently rely on the current federal poverty guideline to evaluate an IFP motion. *See, e.g.*, *id.* at *1; *Justice*, 2014 WL 12495256, at *3. The federal poverty guideline for a single-person household is currently $13,590.  *See* Annual Update of HHS Poverty Guidelines, 87 Fed. Reg. 3315 (Jan. 21, 2022).

Here, Adkins reports a monthly income of $4,929.86, which translates to an annual income of $59,158.32.  (Dkt. 2.)  Accordingly, Adkins' annual income is over four times that of the current poverty guideline for a single-family household.  Even if Adkins' household were larger than a single-family household, her annual income would still be significantly above the current poverty line. For instance, Adkins' annual income is approximately double that of the guideline for a five-person household.  While Adkins does reference difficulties due to homelessness, *id.* at 5, those difficulties do not convince the undersigned that she should qualify for IFP status.  Adkins also owns a 2021 Mercedes-Benz GLA-250 valued at $35,000.  *Id.* at 3.  Based on these facts, the undersigned believes that Adkins could pay the filing fee and still provide for the necessities of life.

Therefore, the undersigned RECOMMENDS that the IFP Motion (Dkt. 2) be denied.

II.    MOTION FOR LEAVE FROM THE COURT TO FILE AN EMERGENCY COMPLAINT

On October 1, 2021, this Court entered a Pre-Filing Injunction Order against Adkins given her "extensive history of filing unsubstantiated lawsuits for the alleged injuries connected to food or chemical poisoning." *Adkins v. Hyatt Corp.*, 1:20-cv-1410-AJT-MSN, Doc. No. 41 at 4. The Order enjoined Adkins from filing any complaints related to these allegations of food or chemical poisoning without leave of the Court. *Id.*

Here, the emergency complaint alleges that certain LA Fitness gyms in northern Virginia caused her physical and emotional injuries through, *inter alia*, being "sprayed with chemical poisoning." (Dkt. 1-1.) Specifically, Adkins alleges her vehicle was "sprayed with chemical poisoning" while parked at the gym and she "became ill after re-entering [the] vehicle." *Id.* Adkins asserts a cause of action for intentional infliction of emotional distress against Fitness International, LLC. *Id.* These factual and legal contentions are consistent with Adkins' "extensive history of filing unsubstantiated lawsuits for the alleged injuries connected to food and chemical poisoning" underlying the Court's pre-filing injunction. *Id.* Therefore, the Court's pre-filing injunction applies here.[1]

The issue remains whether the Court should grant leave to Adkins to file the emergency complaint. A review of the Motion shows that the emergency complaint reiterates the facts and claims related to and including chemical poisoning rejected by this Court in previous cases. *See,*

---

[1] In addition to the pre-filing injunction, in a recent case brought by the Plaintiff, *Adkins v. American Service Center Associates, LLC*, 1:22-cv-00956-LMB-WEF, this Court recognized Adkins as "a serial filer of frivolous lawsuits," and dismissed the suit for lack of any plausible cause of action. *Id.*, Doc. No. 3. Moreover, the Court ordered the Clerk not accept any further motions for leave to file a complaint or attempt to file a new civil action by Adkins unless she first pays the required filing fees. *Id.*

*e.g.*, *Adkins v. Merrifield Hotel Associates, L.P.*, 1:22-cv-399-AJT-IDD, [Doc. No. 3] at 1.  The undersigned therefore finds that Plaintiff fails to state a cognizable claim for relief and that leave from the Court is not warranted.

Accordingly, the undersigned RECOMMENDS that the Court issue a pre-filing order denying Plaintiff's Motion. (Dkt. 1.)

### III.   NOTICE

The parties are notified that objections to this proposed findings of fact and recommendations must be filed within 14 days of service of these proposed findings of fact and recommendations in accordance with 28 U.S.C. § 636(b)(1)(C) and a failure to file timely objections waives appellate review of the substance of these proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on these proposed findings of fact and recommendations.

The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff and counsel of record.



*William E. Fitzpatrick*
WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

October 20, 2022
Alexandria, Virginia